## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMC CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>RYAN BAKER,<br><br>        Defendant. | Civil Action No. 1:18-cv-10304-RGS |

### STIPULATED PROTECTIVE ORDER

To expedite the flow, exchange, and use of forensic and other discovery material and exhibits at any and all depositions and hearings in the above-captioned matter (the "Lawsuit"), to facilitate the prompt resolution of disputes over confidentiality of such materials, to adequately protect information the parties to the above-captioned action (the "Parties") are entitled to keep confidential, and to ensure that the Parties are permitted reasonably necessary uses of such materials in the conduct of this litigation, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

1. **Scope:**

    a.    As described more fully below, the Parties, in advance of the hearing on EMC's Motion for a Preliminary Injunction and throughout the remainder of the litigation, may designate materials as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY (collectively, "Protected Litigation Material").

    b.    The protections conferred by this Stipulated Protective Order (the "Order") cover not only Protected Litigation Material but also (1) any information copied or extracted from Protected Litigation Material; (2) all copies, excerpts, summaries, or compilations of Protected

Litigation Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Litigation Material.

    c.    This Order shall not apply to and, thus, does not restrict any Party's use, for any purpose, of its own Protected Litigation Material.

    d.    This Order shall not restrict any attorney who is a qualified recipient under the terms set forth herein from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Protected Litigation Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Litigation Material of another person or Party where such disclosure would not otherwise be permitted under the terms of this Order.

    e.    Protected Litigation Material in discovery obtained under the terms of this Order may be used and disclosed only for purposes of this case and any appeal of this case. No Party or non-party shall make any other use of any such Protected Litigation Material, including but not limited to, use for commercialization or competitive purposes or use in any other legal or administrative proceeding, except as permitted by order of the Court.

    f.    Protections afforded under this Order shall continue for the duration of the litigation unless subsequently modified by Order of the Court, on motion of a Party or *sua sponte*. A document designated under this Order shall not lose its protection or be subject to a different designation by virtue of the expiration of this Lawsuit, except by application to the Court in this action or in a court in a future action to lift the designation.

2. **Designation of Protected Litigation Material:**

  a. "CONFIDENTIAL MATERIAL" designation means that the information is not publicly known and is of commercial value, is sensitive personal information, or is required by law or agreement to be kept confidential.  In determining whether information should be designated as CONFIDENTIAL MATERIAL, each Party agrees to use such designation only in good faith.

  b. "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation means that the information is trade secrets or highly sensitive business, marketing, pricing, sales, personal or technical information, the disclosure of which would create a substantial risk of injury to an individual or to the business or competitive position of the Producing Party.  In determining whether information should be designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, each party agrees to use such designation only in good faith.

 3. **Labeling of Protected Litigation Material:**

  a. Any Producing Party who produces or discloses Protected Litigation Material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the designation, where practical, by marking each page of a document, each separate part or component of a thing or each separate item of other information, as "CONFIDENTIAL MATERIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as appropriate.  If not practical to so mark the Protected Litigation Material itself, a container for or a tag attached to the Protected Litigation Material shall be so marked.  If Protected Litigation Material exists that cannot be conveniently designated pursuant to this order, such information shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.  This designation is sufficient to

entitle said information to the same confidential treatment as if the Protected Litigation material were designated as above.

      b.     Notwithstanding the obligations to timely designate Protected Litigation Material, the inadvertent or unintentional failure to designate specific produced material as Protected Litigation Material shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon notice to the Receiving Party of such failure to designate, the Parties shall cooperate to restore the appropriate level of confidentiality to the inadvertently or unintentionally disclosed Protected Litigation Material. No Party shall be held in breach of this Order if, prior to notification of such later designation, such Protected Litigation Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designations. Upon receipt of such substitute copies, the Receiving Party shall certify the destruction of the undesignated or improperly designated Protected Litigation Material.

4.    **Depositions**: Any attorney may designate deposition testimony and exhibits as Protected Litigation Material (a) during the taking of any deposition, or (b) after the conclusion of any deposition in accordance with Paragraph 3 above, within 30 days of counsel's first receipt of the deposition transcript. Upon designation as Protected Litigation Material, the deposition transcript, or portion of such, containing the Protected Litigation Material and the exhibits so designated shall be marked in accordance with this Order. The deposition transcript, copies thereof, and the substance or contents of the oral testimony and exhibits so designated as Protected Litigation material shall in all respects be treated by the attorneys for the parties, the parties, and any witnesses as Protected Litigation Material in accordance with the terms of this Order. Any attorney may also request that all persons other than the deponent or witness, the

reporter, counsel and the individuals specified, as applicable, in Paragraph 6 hereof leave the deposition room during the confidential portion of the deposition.

5. **Contested Designations**: A Party shall not be obligated to challenge the propriety of a designation of any Protected Litigation Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a Party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as Protected Litigation Material, the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, either Party may petition the court to challenge any document designated as "CONFIDENTIAL MATERIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." The Producing Party shall move, within 21 days of the date of the Receiving Party's objection, for a determination by the Court as to whether the designated material constitutes Protected Litigation Material. The burden in any such proceeding shall be on the Producing Party to prove that the material or information is entitled to protection under this Protective Order as Protected Litigation Material. Disputed material shall remain Protected Litigation Material under the terms of this Protective order until the Court rules on such a motion. Failure to file such a motion within the 21 day period required by this Paragraph, or to obtain from the Court or the other party an extension of time for good cause shown, shall constitute a waiver by the Producing Party of any right to have the information at issue designated as Protected Litigation Material.

6. **Disclosure and Use of Protected Litigation Material**:

    (a) A Receiving Party may disclose any type of Protected Litigation Material to any person for whom the Producing Party has first agreed in writing prior to any such disclosure.

  (b) During any hearing in the above-captioned matter, the Parties agree to take all reasonable steps to limit access to Protected Litigation Material consistent with this Order, including requesting that the Court set a protocol limiting third parties' access to Protected Litigation Material.

  (c) Parties must provide written notice of intent to disclose Protected Litigation Material pursuant to Paragraphs 6(d)(iii) (regarding outside experts and consultants and their staff), (v) (regarding certain witnesses) or 6(e)(iv) (regarding outside experts and consultants and their staff), or (v) (regarding certain witnesses), by email seven (7) calendar days before the intended disclosure, and shall specify the identity of the intended recipient, and that person's occupation and employer.  If there is an objection during the seven-day period which the parties or their counsel cannot resolve, the party seeking disclosure may bring the dispute before the Court.  Until the Court resolves the application, no disclosure shall be made. The parties shall not unreasonably object to disclosure of Confidential Information.

  (d) Protected Litigation Material designated as CONFIDENTIAL MATERIAL may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following qualified persons:

   (i) A total of two designated corporate representatives of EMC who agree to be bound by the terms of this Order and execute Exhibit A; a total of two designated in-house counsel of EMC who agree to be bound by the terms of this Order and execute Exhibit A; and Ryan Baker; who all agree to be bound by the terms of this Order and executes Exhibit A;

(ii) Outside counsel of record and their partners, associates, paralegals, secretaries, and employees; as well as outside copying, graphic, or design services; computer services; and videographers, translators, jury consultants and others performing services in conjunction with this litigation;

(iii) Outside experts and consultants and their staff retained to assist the parties in the conduct of this action, provided that such disclosure is only to the extent necessary to perform such work, and provided that each outside expert and consultant has executed and provided to counsel for the opposing Party an executed Confidentiality Declaration in the form attached hereto as Exhibit A.

(iv) The creator(s), author(s), or prior recipient(s) of a document containing information designated as CONFIDENTIAL MATERIAL, provided it is established in the document or by agreement of the Parties that the person is an author or prior recipient of the document. The information designated CONFIDENTIAL MATERIAL that is disclosed, given, shown, made available, or communicated to persons pursuant to this subparagraph is limited to only the CONFIDENTIAL MATERIAL that is contained in the document in which that person has been identified as an author or prior recipient; and

(v) Witnesses in this action where at least one of the following conditions applies:

(1) The witness is a current employee of the Producing Party or is employed by the entity for which the information was created;

(2) The witness is a person identified as an author, recipient, or one who otherwise had access to or knowledge of the

Protected Litigation Material prior to its production in this action;

(3) Witnesses receiving Protected Litigation Material under this section shall not be allowed to retain copies of any Protected Litigation Material received unless otherwise provided for under this Order.

(e) Protected Litigation Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following qualified persons:

(i) Outside counsel of record and their partners, associates, paralegals, secretaries and employees; as well as outside copying, graphic, or design services; computer services; and videographers, translators, jury consultants and others performing services in conjunction with this litigation;

(ii) Ryan Baker, but only in the context of this litigation, subject to the Non-Waiver Paragraph below, and provided that he shall not disclose or discuss the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material with anyone except his undersigned counsel and shall not use the information for any purpose other than for the purpose of this litigation.

(iii) Two designated in-house counsel of EMC Corporation or Dell Technologies, Inc., who shall not disclose or discuss the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material with anyone except his outside counsel, shall not make notes regarding such information, and shall not use or disclose the information for any purpose

other than for the purpose of this litigation, and provided that each outside counsel has executed a Confidentiality Declaration in the form attached hereto as Exhibit A;

  (iv) Outside experts and consultants and their staff retained to assist the Parties in the conduct of this action, provided that such disclosure is only to the extent necessary to perform such work, and provided that each outside expert and consultant has executed and provided to counsel for the opposing Party an executed Confidentiality Declaration in the form attached hereto as Exhibit A;

  (v) Witnesses in this action where at least one of the following conditions applies:

   (1) The witness is a current employee of the Producing Party or is employed by the entity for which the information was created;

   (2) The witness is a person identified as an author, recipient, or one who otherwise had access to or knowledge of the Protected Litigation Material prior to its production in this action;

   (3) Witnesses receiving Protected Litigation Material under this section shall not be allowed to retain copies of any Protected Litigation Material received unless otherwise provided for under this Order.

7. **Filing with the Court:** If a party receiving Protected Litigation Material intends to submit to the Court a document, pleading or memorandum which includes or purports to reproduce any information designated Protected Litigation Material, such filing party shall,

pursuant to Local Rule 7.2, file a motion to impound such Protected Litigation Material and make a good-faith effort to seek to have the Material at issue impounded. The filing party shall not publicly file with the Court such Protected Litigation Material until the Court has ruled upon such motion to impound. If the Court declines to impound the Material at issue, the filing party may publicly file the Protected Litigation Material with the Court, but shall, in good faith, limit the scope of the disclosure of Protected Litigation Material to only such information as is reasonably necessary under the circumstances and shall for all other purposes maintain the material as Protected Litigation Material in accordance with all other provisions of this Order. A party that intends to submit to the Court a document, pleading or memorandum which includes any information that the filing party itself has designated as Protected Litigation Material may move the Court to impound the documents containing such Protected Litigation Material at any time. If a submission is filed under a seal, a redacted version shall be filed for the public record.

8.  **Storage of Protected Litigation Material:** Any attorney and all other persons in receipt of Protected Litigation Material shall maintain all Protected Litigation Material in a filing cabinet, briefcase, or other secure, enclosed storage receptacle except when the Protected Litigation Material is in active, immediate use.

9.  **Notice and Acknowledgement of Order:**

    a.  Every person to whom Protected Litigation Material is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

    b.  Any person to whom any type of Protected Litigation Material is to be disclosed in accordance with Paragraph 6(a), 6(d)(i), (iii), (iv), (v), or 6(e)(ii), (iv), or (v) shall confirm

their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgment attached as <u>Exhibit A</u>.

10.     **Inadvertent Production of Privileged Information:**

      a.      If information subject to a claim of attorney-client privilege, work product immunity or any other legal protection or privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of or estoppel as to any claim of privilege, work product immunity or any other privilege, protection, or ground for withholding production to which the Producing party or other person otherwise would be entitled for that specific information or as to any information concerning the same subject matter, provided that the Producing Party promptly notifies the Receiving Party in writing of such production, inadvertent or otherwise, after the Producing Party discovers such production.

      b.      If a written claim of production is made pursuant to Paragraph 10(a), with respect to information then in the custody of another Party, upon receipt of such written notice, the Receiving Party promptly shall return to the Producing Party or person that material and all copies or reproductions thereof of which the Receiving party is aware in whatever form these materials exist.

11.     **Conclusion of the Action:**  Within sixty (60) calendar days after entry of a final judgment or dismissal of this action (including the conclusion of appeals or petitions for review or the expiration of the time periods for such appeals or petitions) or the execution of a settlement agreement among all the Parties finally disposing of all issues raised in this action, outside counsel and all other persons having possession or control of another Party's Protected Litigation Material shall destroy such Protected Litigation Material.  Each party shall give

written notice of such destruction to outside counsel for the Producing Party.  However, trial counsel may retain one copy of all pleadings or other papers filed with the Court for archival purposes.  Further, trial counsel may maintain one copy of all attorney correspondence and consultant work product, deposition testimony and deposition exhibits containing Protected Litigation Material, and the trial record, in such a way as to maintain confidentiality.

12. **Protected Litigation Material Subpoenaed or Ordered Produced in Other Litigation:**

    a. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Litigation Material, that Party must:

        (i) Promptly notify in writing the Producing Party.  Such notification shall include a copy of the subpoena or court order;

        (ii) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

        (iii) Cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Litigation Material may be affected.

    b. If the Producing Party timely seeks a protective order, the Receiving Party served with a subpoena or court order shall not produce any Protected Litigation Material before a determination by the court from which the subpoena or court issued, unless the Receiving Party has obtained the Producing Party's permission or the court in such action orders otherwise.  The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Litigation Material.  Nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another court or otherwise violate any law.

13. **Non-waiver:**  The production of Protected Litigation Material by a party under the terms of this Order and in response to a request by the opposing Party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy, or admissibility, or confidentiality or trade secret status of said materials.  Similarly, any Party's designating material as Confidential or Highly Confidential shall not be considered by any fact-finder as an indication that the designated materials are in fact Confidential or Highly Confidential.  Nor shall any failure by either Party to challenge such designations be considered in any way a waiver of any challenge or argument that the materials are not Confidential or Highly Confidential. Nothing contained herein shall preclude any Party from opposing any discovery on any basis.

14. **No Acknowledgement:**  Nothing in this Protective Order shall be taken as or constitute an indication or acknowledgement by the party receiving any Protected Litigation Material that such information, documents, testimony, or things are in fact confidential or are entitled to confidential treatment.

15. **Other Remedies:**  The entry of this Protective Order is without prejudice to the rights of either party to move for relief from any of its provisions, or to seek or agree to different or additional protection, or to seek or agree to further disclosures for any particular material or information.

16. **Additional Parties:**  If an additional party joins or is joined in this action, the newly joined party shall not have access to Protected Litigation Material until the additional party agrees to be bound by the terms of this Order and executes Exhibit A .

17. **Non-Parties:** If a non-party provides discovery to any Party, such non-party may adopt the terms of this Protective Order with regard to the production of materials by serving upon all counsel of record for the Parties a Notice of Election to Adopt Stipulated Protective Order ("Notice of Election") in the form attached hereto as Exhibit B.  In the event of such election, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party to this litigation.  The non-party shall have the same rights and obligations under this Protective Order as held by the Parties.

18. **Unauthorized Disclosure:**  In the event of disclosure of any Protected Litigation Material to a person not authorized to have access to such material, the Party responsible for having made, and any Party with knowledge of, such disclosure shall (i) use its best efforts to obtain the return of any Protected Litigation Material and to bind such persons to the terms of this Protective order; (ii) within two (2) business days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and identify such person to the Producing Party; and (iii) request such person to execute the Confidentiality Declaration in the form attached hereto as Exhibit A.  The executed Confidentiality Declaration shall be served upon counsel of record for the Producing Party within five (5) business days of its execution by the person to whom Protected Litigation Material was disclosed.

19. **Termination of Access**:

   a. In the event that any person or Party ceases to be engaged in the conduct of this action, such person's or Party's access to Protected Litigation Material shall terminate, and all copies thereof shall be destroyed as soon as practicable after such person or Party ceases to be engaged in the conduct of this action.

    b.    The provisions of this Order shall remain in full force and effect as to any person or Party who previously had access to Protected Litigation Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

    c.    Insofar as the provisions of this Order restrict the use, disclosure or communication of any document or thing produced under it, this Order shall continue to bind all persons and parties who have agreed to the terms of the Order after the conclusion of this action (and any related appeals), and the Court shall retain jurisdiction of all persons and parties bound by this Order for the purposes of its enforcement.

20.    **Modification:**  This Order may be modified only by written stipulation of the Parties and may be so modified without further order of the Court, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

21.    **Governing Law:**  Any dispute arising out of this Protective Order, including those concerning any written confirmations referenced in Paragraph 9 above, shall be construed according to Massachusetts law and the parties consent to jurisdiction in the United States District Court for the District of Massachusetts for any disputes arising out of this Protective Order.

22.    **Full Force and Effect:**  This Protective Order, until it is endorsed by the Court, and even if it is never endorsed by the Court, shall be deemed an enforceable agreement between the parties.

23.    **Entire Agreement:**  This Stipulation constitutes the entire agreement between the Parties concerning the subject matters hereof, and supersedes all prior and contemporaneous

representations and agreements (oral, written, implied, or otherwise) with respect to such subject matters.

The Parties, through their respective counsel, expressly agree to the terms of this Protective order and consent to its form and entry.

| EMC CORPORATION | RYAN BAKER |
|---|---|
| By its attorneys, | By his attorneys, |
| **MORGAN, LEWIS & BOCKIUS LLP** | **COOLEY LLP** |

By: */s/ Siobhan E. Mee*
Siobhan E. Mee
One Federal Street
Boston, MA  02110
Tel:  617.341.7700
Fax:  617.341.7701
siobhan.mee@morganlewis.com

Michael S. Burkhardt (*pro hac vice*)
Michael J. Puma (*pro hac vice*)
Benjamin K. Jacobs (*pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Tel:  215.963.5000
Fax:  215.963.5001
michael.burkhardt@morganlewis.com
michael.puma@morganlewis.com
benjamin.jacobs@morganleiws.com

*Attorneys for Plaintiff EMC Corporation*

By: */s/ Michael N. Sheetz*
Michael N. Sheetz
Adam S. Gershenson
Clare M. Metcalfe
500 Boylston Street
14th Floor
Boston, MA 02116-3736
Tel:    617.937.2330
Fax:    616.937.2400
msheetz@cooley.com
agershenson@cooley.com
cmetcalefe@cooley.com

*Attorneys for Defendant Ryan Baker*